UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-62222-BLOOM/Valle**

ROSALIE LEE JENKINS-BEY,

    Plaintiff,
v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, and
OCWEN LOAN SERVICING, LLC,

    Defendants.
_____/

**ORDER OF REMAND**

    **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 26, 2021, *pro se* Plaintiff Rosalie Lee Jenkins-Bey ("Plaintiff") filed a Complaint, ECF No. [1] ("Complaint"), a Notice of Remove, ECF No. [1-2] ("Notice"), and a Transfer of a Case from the 17th Judicial Circuit in and for Broward County, ECF No. [1-5] ("Transfer"). Upon a review of Plaintiff's filings, it appears that Plaintiff seeks removal of an action filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 12-007647-11 ("Circuit Court Action"). For the following reasons, the Court determines that this Court lacks subject matter jurisdiction and this case is remanded to the Seventeenth Judicial Circuit Court in and for Broward County for further proceedings.

    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11

(1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

In this case, Plaintiff asserts that the Court has subject matter jurisdiction because her cause of action arises under federal law. ECF No. [1-5] at 2. However, the party moving for removal must provide a short and plain statement of the grounds for removal. 28 U.S.C. § 1446, and Plaintiff has failed to do so. Plaintiff states that "A wrongful foreclosure and I was denial [*sic*] the opportunity of discovery and that is in direct violation of my constitutionally secured rights to due process of law which is a direct violation of your oath of office." ECF No. [1] at 1. It is unclear from the statement how her claims arise under the U.S. Constitution, federal laws, or treaties of the United States. Although Plaintiff mentions the constitutional right of Due Process, it is unclear if Plaintiff's statement refers to the U.S. Constitution or the Florida Constitution. Even if the statement is construed to invoke the U.S. Constitution, it is unclear how Defendants violated Plaintiff's constitutional rights and gave rise to Plaintiff's claims. A review of Plaintiff's filings further indicates that Plaintiff does not assert diversity of citizenship jurisdiction, and supplemental

jurisdiction is inapplicable without original jurisdiction. As such, the Court lacks subject matter jurisdiction.

As a final matter, the procedure for removal does not permit plaintiffs to file for removal of civil actions. *See* 28 U.S.C. § 1446. "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* As such, Plaintiff is not permitted to remove the Circuit Court Action.

Accordingly, this case is **REMANDED** to the Seventeenth Judicial Circuit Court in and for Broward County for further proceedings. All other pending motions are **DENIED AS MOOT**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 27, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Rosalie Lee Jenkins-Bey
5347 SW 25th Street
West Park, FL 33023
Email: avrinc@gmail.com
PRO SE